IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLENN BRODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0740-CV-W-ODS |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Glenn Brody filed this action in state court on August 10, 2015, against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), U.S. Bank, N.A. ("US Bank"), The Bank of New York Mellon ("BNYM"), Green Tree Loan Servicing, LLC ("Green Tree"), and Liberty Mutual Insurance Company ("Liberty Mutual"), seeking a declaratory judgment to determine the lien rights of Defendants in real property located at 803 Frandsen Street in Independence, Missouri, and alleging conversion. Doc. #1-2.

Ocwen was served on August 26, 2015. On September 25, 2015, Ocwen removed the case to federal court, asserting jurisdiction based on diversity of citizenship. Doc. #1. Plaintiff filed his motion to remand on October 8, 2015. Doc. #14. Plaintiff argues the matter should be remanded to state court because (1) Ocwen's removal was defective because Ocwen failed to obtain consent from all Defendants; (2) Ocwen failed to establish the jurisdictional amount in controversy has been met; and (3) the Court should exercise discretionary authority to abstain from this declaratory judgment matter. Ocwen filed its opposition to the motion; however, Plaintiff did not file a reply, and the time for doing so has passed.

Although Green Tree first filed its answer in September 29, 2015, it did not file anything indicating its consent (or lack thereof) to the removal of this matter. On November 25, 2015, the Court issued an Order to Show Cause to Green Tree regarding its failure to file said notice. Doc. #16. On December 10, 2015, Green Tree filed its Consent to Removal. Doc. #17.

## I. DISCUSSION

### A. Diversity Jurisdiction

Defendant removed this case to federal court, alleging jurisdiction existed under 28 U.S.C. § 1332(a). A federal district court has original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

There is no dispute that the parties are citizens of different states. Ocwen is a limited liability company, and its citizenship is defined by the citizenship of its member(s). *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Ocwen's sole member is Ocwen Financial Corporation, which is a Florida corporation with its principal place of business in the State of Georgia. Doc. #1, at 2; Doc. #3; Doc. #21, at 2. A corporation is deemed a citizen of any state in which it has been incorporated and the state containing its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Ocwen is a citizen of Florida and Georgia.

US Bank is a national bank association with its main office in the State of Ohio. For purposes of diversity jurisdiction, US Bank is a citizen of the state in which its main office is located. 28 U.S.C. § 1348 (stating "[a]ll national banking associations shall…be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) (holding a national bank is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located). US Bank's main office is in Ohio. Doc. #1, at 2; Doc. #21, at 2. Accordingly, US Bank is a citizen of Ohio.

BNYM is state-chartered banking association of the State of New York with its principal office in the State of New York. Doc. #1, at 3; Doc. #21, at 3. For diversity purposes, a state-chartered banking association is a citizen of the state where it is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006). Therefore, BNYM is a citizen of New York.

Green Tree is a limited liability company now known as Ditech Financial LLC ("Ditech"). Doc. #1, at 3; Doc. #8, at 5; Doc. #9; Doc. #21, at 3. Its citizenship is

2

defined by the citizenship of its member(s). *GMAC Commercial Credit LLC*, 357 F.3d at 829. Ditech's members are Walter Management Holding Company LLC ("Walter Management Holding") and Green Tree Servicing Corporation ("Green Tree Servicing"). Doc. #21, at 3. Walter Management Holding is a Delaware limited liability company, and its sole member is Green Tree Investment Holdings II LLC ("Green Tree Investment"), a Delaware limited liability company with its principal place of business in Minnesota. *Id.* The sole member of Green Tree Investment is Green Tree Credit Solutions LLC ("Green Tree Credit Solutions"), a Delaware limited liability company with its principal office in Minnesota. *Id.* The sole member of Green Tree Credit Solutions is Walter Investment Management Corporation ("Walter Investment"), a Maryland corporation with its principal place of business in Florida. *Id.* at 4. Accordingly, Walter Management Holding is considered a citizen of Maryland and Florida.

Green Tree Servicing, the other member of Ditech, is a Delaware corporation with its principal place of business in the State of Minnesota. *Id.* Thus, Green Tree Servicing is a citizen of Delaware and Minnesota.

Because a limited liability company's citizenship is determined by the citizenship of its members, Green Tree (now known as Ditech) is a citizen of the States of Maryland, Florida, Delaware, and Minnesota for purposes of diversity jurisdiction.

Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts. Doc. #21, at 4. Thus, Liberty Mutual is a citizen of Massachusetts.

Plaintiff is a Missouri citizen. With there being complete diversity of citizenship, the sole issue is whether more than $75,000 is in controversy.

Ocwen, as the party seeking removal, bears the burden of demonstrating that the amount in controversy requirement is satisfied. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Ocwen must establish that the fact-finder "*might* legally conclude" the damages exceed $75,000. *See James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). In this case, Plaintiff seeks recovery of insurance proceeds. Plaintiff alleges that Liberty Mutual issued two checks made payable to Plaintiff, Ocwen, and Green Tree in the amount of $248,800.00 each, and Ocwen and Green Tree refused to endorse either check. Doc. #1-2, at 7-12. Plaintiff alleges that he is entitled

3

to a "sum certain" of the insurance proceeds, and Ocwen is not entitled to any of the insurance proceeds. *Id.* at 8-12. Plaintiff also seeks recovery of his attorneys' fees. *Id.* at 12. Accordingly, at least $248,800 is at controversy as potential recoverable actual damages. Based on these facts, the jurisdictional amount is met.

### B. Consent to Removal

Plaintiff also argues that removal was procedurally defective because consent was not obtained from all Defendants. Plaintiff contends that Green Tree Servicing LLC ("Green Tree") was served prior to removal of this matter, but Ocwen did not obtain Green Tree's consent to the removal. Doc. #14, at 3. Although the state court's docket report reflects that Green Tree was served, the docket report also includes a letter that was sent from CT Corporation System (to which Green Tree's summons was issued) to the state court stating that Green Tree was not listed in CT's records. Doc. #14, at 10-11; Doc. #15-1, at 1; Doc. #15-2.[1]

While Plaintiff may believe that Green Tree was served prior to Ocwen's removal of this matter, Plaintiff has not set forth any proof that it effectuated service on Green Tree prior to the removal of this matter. Moreover, the evidence before this Court indicates that Green Tree was not properly served prior to removal to this Court. Because Green Tree was not served prior to Ocwen's removal of this matter, Ocwen was not required to obtain Green Tree's consent to the removal at the time the matter was removed. *See* 14C Charles A. Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. § 3731 (4th ed. 2008) (citations omitted).

### C. Discretionary Authority under the Declaratory Judgment Act

Plaintiff asks that the Court exercise its discretionary authority under the Declaratory Judgment Act to abstain from this declaratory judgment matter because it involves state law issues. "[D]istrict courts possess discretion in determining whether

---

[1] A similar document pertaining to BNYM was filed with the Court (Doc. #15-4), but Plaintiff does not argue that BNYM was properly served.

4

and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995) (citation omitted). However, "[t]he discretionary nature of the district court's exercise of jurisdiction in declaratory judgment actions does not mean that the decision to abstain can be made as a matter of whim or personal disinclination." *U.S. Fidelity & Guaranty Co. v. Murphy Oil USA*, 21 F.3d 259, 261 (8th Cir. 1994) (quotation omitted). "[O]nly in exceptional circumstances should a district court stay or dismiss a declaratory judgment action subject to parallel state litigation, even if diversity of citizenship is the only jurisdictional foundation." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995).

There are several factors typically used to evaluate jurisdictional issues in declaratory judgment actions, but the key inquiry is whether there are parallel proceedings in state court that present an opportunity for the same issues to be addressed. *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). Here, there is no parallel state court action. And Plaintiff has failed to set forth compelling arguments or authorities as to why this Court should remand this matter. Accordingly, the Court declines to remand this matter.

### D. Fees and Costs

Finally, Plaintiff requests the Court award costs and fees incurred in responding to Defendant's removal. 28 U.S.C. § 1447(c) allows an award of this type. In *Martin v. Franklin Capital Corp.* the Supreme Court determined district courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005). Here, as set forth above, Ocwen had an objectively reasonable basis for seeking removal of this matter. Accordingly, Plaintiff's request for an award of costs and fees is denied.

5

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied, and Plaintiff's request for an award of attorneys' fees and costs is also denied.

IT IS SO ORDERED.

                                                /s/ <u>Ortrie D. Smith</u>
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 30, 2015                UNITED STATES DISTRICT COURT